UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BRYANT L.,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO, Commissioner of Social Security,<br>Defendant. | Case No. 5:25-cv-01671-SB-KES<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, briefs, and other records on file herein (Dkt. Nos. 1, 7, 14, 18, 21), the Report and Recommendation (R&R) of the United States Magistrate Judge (Dkt. No. 22), and the government's objections (Dkt. No. 24). Having conducted a de novo review of the matters to which the government specifically objected, the Court accepts the Magistrate Judge's recommendation that the Commissioner's decision be reversed and remanded for the reasons discussed below.

I.

The Court must affirm the Commissioner's decision if it is free of legal error and supported by substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (cleaned up)). Where the evidence is susceptible to more than one rational interpretation, the administrative law judge's interpretation ordinarily must be upheld. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

For claims filed after March 27, 2017, an administrative law judge (ALJ) evaluates the persuasiveness of medical opinions and prior administrative medical

findings based primarily on their supportability and consistency. 20 C.F.R. § 416.920c(a)–(c). The ALJ must explain how those factors were considered, and the resulting findings must be supported by substantial evidence. *Woods*, 32 F.4th at 791–92. After evaluating the medical evidence, the ALJ determines the claimant's residual functional capacity (RFC). 20 C.F.R. §§ 416.945(a), 416.946(c). In doing so, the ALJ need not adopt any opinion verbatim and may translate clinical findings into work-related limitations. *Rounds v. Commissioner Social Security Administration*, 807 F.3d 996, 1006 (9th Cir. 2015). But the ALJ must provide enough reasoning to permit meaningful review of whether the RFC and the evaluation of the medical evidence are supported by substantial evidence. *See Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1103 (9th Cir. 2014).

II.

The ALJ found that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace. AR 30. At the consultative psychiatric examination, Plaintiff successfully performed serial sevens and serial threes and spelled a simple word forward and backward. *Id.* The ALJ ultimately restricted Plaintiff to understanding, remembering, and carrying out simple instructions, with no more than occasional interaction with coworkers, supervisors, and the public. AR 30.

The state consultants reached a somewhat different conclusion. They found that Plaintiff had moderate difficulty maintaining attention and concentration for extended periods. AR 111, 128. In explaining Plaintiff's work-related capacity, they stated:

> [Plaintiff] can understand, remember, apply knowledge and carry out a 2-step command involving simple instructions and maintain [concentration, persistence, and pace] for such.
>
> Although [Plaintiff] may have difficulty sustaining attention over extended periods, [he] could sustain [concentration,

> persistence, and pace] up to 4 [hour] increments with customary work breaks periods of up to four hours with customary breaks [and] is able to complete usual workday/workweek.

AR 114, 131.

An ALJ may properly consider the extent of a medical source's supporting explanation in evaluating an opinion's supportability. *See* 20 C.F.R. § 416.920c(c)(1) (supportability depends on "the objective medical evidence and supporting explanations presented by a medical source"). In this case, the consultants did not explain in any detail why Plaintiff required the two-step restriction. But the ALJ's supportability analysis must itself be adequately explained. *See Woods*, 32 F.4th at 791–92. Here, the ALJ stated only that "[n]either doctor provided adequate support for the medical findings." AR 33. The decision does not identify what explanation the consultants omitted, what objective findings failed to support the two-step restriction, or why the explanation provided was inadequate. Standing alone, the ALJ's conclusory statement does not permit meaningful review of his supportability determination.

The ALJ considered not only supportability but also consistency. He found that the two-step restriction was inconsistent with Plaintiff's treating psychiatrist's mental-status examinations. AR 33. The ALJ cited examinations reflecting normal speech, linear and goal-directed thought processes, no perceptual disturbance, and fair insight and judgment. AR 31–33. Although those findings are relevant to Plaintiff's overall mental functioning, the ALJ did not adequately explain why they undermined the particular restriction at issue. The consultants did not base the two-step restriction on abnormal speech, disorganized thinking, psychosis, or impaired judgment. Instead, the restriction addressed Plaintiff's ability to sustain attention while performing work activities over extended periods. The ALJ's decision does not explain why the cited mental-status findings demonstrated that Plaintiff could perform a broader range of work than the

consultants identified.

The record also contains evidence more directly bearing on concentration, including Plaintiff's successful performance on brief concentration exercises during the consultative examination. AR 29, 607. But the issue is not whether substantial evidence could support rejecting the consultants' two-step restriction. It is whether the ALJ adequately explained why the cited evidence—including those exercises and the mental-status findings—supported the broader RFC. The absence of that explanation, not the absence of evidence relevant to concentration, prevents meaningful judicial review.[1]

The Commissioner argues that *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), permits an ALJ to translate moderate limitations in concentration, persistence, or pace (CPP) into a restriction to simple work. But *Stubbs-Danielson* does not establish that such a translation is sufficient in every case. Rather, it holds that an RFC adequately captures CPP-related restrictions when it is consistent with the limitations identified in the medical evidence. *Id.* at 1173–74; *see Bryce M. v. Colvin*, No. 2:24-CV-00450-SB-SK, 2025 WL 1277843, at *1 (C.D. Cal. Feb. 28, 2025) ("Taken together, these cases stand for the proposition that an ALJ does not err by limiting a claimant to work that the medical evidence establishes he can perform, so long as that evidence expressly accounts for the claimant's CPP limits (or other limitations)."). In *Stubbs-Danielson*, the medical testimony supported the claimant's ability to perform simple tasks despite her CPP limitations. *Id.* Here, by contrast, the ALJ rejected the consultants' more specific restriction without adequately explaining why the evidence he cited rendered that restriction unpersuasive.

---

[1] The Commissioner does not argue that any error was harmless because the alleged error would not affect the disability determination. The Court therefore does not address that unbriefed harmless-error theory. *See Clark v. Sweeney*, 607 U.S. 7, 14–15 (2025).

III.

Accordingly, Defendant's objections are overruled. The Court accepts the Report and Recommendation's proposed disposition for the reasons set forth in this Order. The Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings. Judgment shall be entered separately.

DATED: July 29, 2026

Stanley Blumenfeld, Jr.
U.S. District Judge